IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| KENNETH A. SMITH, | : |
| | : CIVIL ACTION |
| | : NO. _____ |
| Plaintiff, | : |
| | : **JURY TRIAL DEMANDED** |
| v. | : |
| | : |
| REALPAGE, INC. d/b/a | : |
| LEASING DESK, | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, Kenneth A. Smith ("Plaintiff"), by counsel, hereby files his Complaint ("Complaint") against Defendant RealPage, Inc. d/b/a Leasing Desk ("Defendant"), as follows:

## INTRODUCTION

1. This is an action seeking redress for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. ("FCRA").

2. Plaintiff is a "consumer" and Defendant is a "consumer reporting agency" as those terms are defined in the FCRA.

3. Defendant prepared an inaccurate consumer report concerning Plaintiff ("Report") and provided it to Jonesboro Road Senior Village ("Senior Village") when Plaintiff applied for an apartment with Senior Village.

4. Plaintiff was denied the opportunity to rent the apartment and suffered other harm as a result of the inaccurate Report Defendant prepared and furnished about him.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff is a natural person and a "consumer" under the FCRA. He resides in this District and Division.

6. At all times material to this action, Defendant was a foreign corporation doing business in the State of Georgia and in this District.

7. Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046-4805.

8. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

9. Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) as Defendant conducts business in this District and Division and a

substantial portion of events or omissions giving rise to the claims occurred in this District and Division.

10. Defendant is subject to the jurisdiction of this Court.

**FACTUAL ALLEGATIONS**

11. In October, 2024, Plaintiff applied to lease an apartment with Senior Village which is located in Jonesboro, GA. Plaintiff, a senior citizen, was living in a hotel at the time and desired to move into an apartment because it was less expensive and safer than living in a hotel.

12. As part of the leasing process, Senior Village requested and obtained a consumer report concerning Plaintiff from Defendant.

13. Defendant provided Plaintiff's consumer report to Senior Village.

14. The consumer report that Defendant provided to Senior Village concerning Plaintiff was inaccurate. It reflected that Plaintiff had been sued twice for "Eviction, Possession, and/or Non-Payment of Rent" by an individual named Barbara A. Allen. The first such lawsuit was shown to have been filed in Coweta/GA and the second was shown to have been filed in Floyd/GA (collectively the "Eviction Lawsuits"). This was false. At the time of the Report, there were no actions pending against Plaintiff in these courts for eviction, possession and/or non-payment of rent. Barbara A. Allen has never sued Plaintiff in any court, anywhere, for eviction,

possession, and/or non-payment of rent. Plaintiff has never rented any apartment or property at all from Barbara A. Allen.

15. A review of the publicly available court records related to the Eviction Lawsuits at the time Defendant prepared the Report would have shown that there were no such lawsuits against Plaintiff at that time by Barbara A. Allen for eviction, possession, and/or non-payment of rent. Defendant's reporting of the Eviction Lawsuits was false and inaccurate.

16. Defendant failed to follow reasonable procedures in preparing and providing the consumer report about Plaintiff to Senior Village to confirm it was accurate. Defendant's conduct violated the FCRA.

17. Plaintiff was distraught at being denied for the apartment at Senior Village. He disputed the inaccurate information with Defendant. In response to Defendant's dispute, Defendant admitted that the Eviction Lawsuits should not have been included on Plaintiff's consumer report and that "[t]he investigation performed by Leasing Desk Screening revealed that the disputed information is inaccurate, incomplete or cannot be verified."

18. Unfortunately for Plaintiff, the damage had already been done notwithstanding Defendant's admission. Senior Village advised Plaintiff that he could not apply again for six months. Plaintiff, therefore, had to continue living in

the hotel until such time as he could re-apply (and still lives there). Had Plaintiff been able to secure an apartment at Senior Village, his monthly rent would have been over approximately $1,900 per month less than the cost of living in the hotel.

19. As a result of Defendant's violation of the FCRA, Plaintiff suffered damages including being denied the apartment for himself as a senior citizen in need of a safe and cost-effective place to live; emotional distress from inability to secure better housing for himself; embarrassment and reputational harm from being denied an apartment and having Senior Village seeing the inaccurate Eviction Lawsuits Defendant reported about him; sleeplessness from worrying how he would be able to move into a more suitable apartment given Defendant's false reporting; time and effort reviewing his credit file to understand what Defendant had done and he was denied the apartment; time and effort to make his dispute with Defendant; and other damages to be shown at trial.

20. Plaintiff has also had to retain counsel to protect his rights.

## COUNT ONE:
### Defendant's Violations of the FCRA – 15 U.S.C. § 1681e(b)

21. The consumer report that Defendant prepared concerning Plaintiff was inaccurate for the reasons described above because he was not the subject of any lawsuits for eviction, possession, and/or non-payment of rent by Barbara A. Allen.

22. Defendant negligently or recklessly and willfully failed to maintain and follow reasonable procedures designed to assure maximum possible accuracy of the information in the consumer reports it prepared on Plaintiff and provided to Senior Village.

23. As a result, Plaintiff has suffered and is entitled to recover his actual damages as described in Paragraph 19 above, in an amount to be proven at trial and as allowed by 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1).

24. In the alternative, and as a result of Defendant's reckless and willful violations of 15 U.S.C. §1681e(b), Plaintiff is entitled to recover statutory damages in the amount of $1,000 as allowed by 15 U.S.C. §1681n(a)(1)(A).

25. As a result of Defendant's reckless and willful violations of 15 U.S.C. §1681e(b), Plaintiff is entitled to recover punitive damages as allowed by 15 U.S.C. §1681n(a)(2).

26. Plaintiff is also entitled to recover the costs of this action and his reasonable attorney's fees as allowed by 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2).

WHEREFORE, Plaintiff requests the following relief:

1. an award of actual damages in his favor;

2. an award of statutory damages in his favor;

3.  an award of punitive damages in his favor;

4.  an award of his costs and reasonable attorney's fees; and,

5.  all other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Kenneth A. Smith, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

This 4th day of March 2025.

> */s/Robert W. Murphy*
> Robert W. Murphy
> Ga Bar No. 531062
> LAW OFFICE OF ROBERT W. MURPHY
> 440 Premier Circle, Suite 240
> Charlottesville, VA 22901
> T: (434) 328-3100
> F: (434) 328-3101
> rwmurphy@lawfirmmurphy.com
>
> **LOVE CONSUMER LAW**
>
> */s/ John A. Love*
> John A. Love
> Ga Bar No. 459155
> 2500 Northwinds Parkway, Suite 330
> Alpharetta, GA  30009
> (tel.) 404.855.3600
> (fax) 404.301.2300
> tlove@loveconsumerlaw.com